```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,

        - against -

RONNELL PETERKIN,
                    Defendant.
-----------------------------------X
```
                                                          **ORDER**

                                                     17-CR-352(KAM)

**KIYO A. MATSUMOTO, United States District Judge:**

Before the court is a motion filed by Ronnell Peterkin ("Mr. Peterkin"), who was sentenced to time served and five years of supervised release on April 10, 2020. (ECF No. 38, Minute Entry; ECF No. 39, Judgment.) Mr. Peterkin requests that this court terminate his supervised release early. (ECF No. 41, Motion for Early Termination of Supervised Release.) The government and the U.S. Probation Department ("Probation") oppose the motion, and instead propose that this court order an unsupervised term of supervised release contingent on defendant submitting monthly reports and remaining at his current residence. (ECF Nos. 42 and 43.) For the reasons herein, Mr. Peterkin's motion for early termination of supervised release is respectfully DENIED.

The court assumes familiarity with the relevant background, which was set forth in the presentence investigation report. (ECF No. 28, Presentence Investigation Report, 2/28/2020.) On March 29, 2021 Mr. Peterkin filed the instant

motion requesting that this Court terminate Mr. Peterkin's supervised release early because Mr. Peterkin currently resides in a state where he is not being supervised and "his . . . probation officer has recently asked him to return" to the state where he is being supervised.  He requests permission to remain in the state "where he has a supportive partner, a home, and a new, promising job," so he can "continue on his journey as a law-abiding and responsible member of society."  (ECF No. 41, Motion for Early Termination of Supervised Release.)  The government and probation opposed the motion, instead proposing that this Court "enter a special condition for an unsupervised term of supervised release with monthly reporting, including address verification and status reports . . . such conditions would permit the U.S. Probation Office in the Eastern District of New York to continue to supervise [], while allowing the defendant to reside in [the state where he is currently]."  (ECF No. 43, Government Opposition Letter.)

      Mr. Peterkin contends that with the permission of his out of state probation officer, Mr. Peterkin has been living in another with his current partner with whom he is expecting a child.  (ECF No. 41, Motion for Early Termination of Supervised Release.)  In his relationship with his partner, Mr. Peterkin has found a supportive network and is currently employed in construction.  (*Id*.)  Mr. Peterkin's out of state probation

officer has recently requested that Mr. Peterkin return to the state where his probation officer is located or to New York because the officer "is unable to continue supervising Mr. Perkin in [the state where he is residing]."  (*Id.*)

As the government and Probation note, pursuant to Title 18, United States Code, Section 3583(e)(1), the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release" and the court should consider the factors set forth in Sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) to determine whether early termination is warranted.  One said factor includes whether the defendant has a history of violence.  18 U.S.C. § 3553(a)(7)(4).

Probation relies upon two cases, *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) and *United States v. Sheckley*, 129 F.3d 114 (2d Cir. 1997), for the proposition that early termination is occasionally justified due to defendant's "exceptionally good behavior."  It is not enough to allege that the defendant has complied with all of the conditions of supervised release.  *See Karacsonyi v. United States,* 152 F.3d 918 (unpub.), 1998 WL 401273, 1 (2d Cir.1998) ("Full compliance, after all, is merely what is expected of all people serving terms of supervised release.")

3

Here, defendant argues that "he has been working as much as possible" and has maintained a support network which is "invaluable" to Mr. Peterkin's "successful reintegration into the community." (ECF No. 41, Motion for Early Termination of Supervised Release.)  Although the Court is pleased to hear of Mr. Peterkin's progress, he has established only that he has complied with the specific terms of his supervised release and has continued to stay out of trouble following his sentencing. Additionally, because of Mr. Peterkin's history of violence, specifically his July 8, 2002 conviction of assault in the 2nd degree, (ECF No. 28, Presentence Investigation Report at 11,) Mr. Peterkin is disqualified from early termination of his supervised release.  *See* 18 U.S.C. § 3553(a)(7)(4).

For the foregoing reasons, Mr. Peterkin's motion is respectfully DENIED. However, upon recommendation by both the government and Probation, the court orders that Mr. Peterkin enter an unsupervised release term of supervised release in the Eastern District of New York, with mandatory monthly reporting, including address verification and status reports. This condition permits Mr. Peterkin to remain in the state where he currently resides, maintaining his employment and residence, while the U.S. Probation Office in the Eastern District of New York supervises Mr. Peterkin.

**SO ORDERED.**

Dated:   Brooklyn, New York
         April 16, 2021

_____/s/_____
Hon. Kiyo A. Matsumoto
United States District Judge

5